UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMIE BROWN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:16-cv-440-GZS |
| | ) |
| DEPARTMENT OF CORRECTIONS | ) |
| EMPLOYEES/STAFF, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Jamie Brown, an inmate in the custody of the Department of Corrections at the Maine State Prison, alleges that Defendants, who include individual state employees and private medical providers, have deprived him of necessary medical treatment and programs, and have otherwise required him to live in unsanitary conditions. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted (ECF No. 4). In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss all of Plaintiff's claims against all Defendants, except Plaintiff's official capacity condition of confinement claim against Defendant Eric Bueno.

## I. STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal

2

pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## II.  BACKGROUND FACTS

In his complaint, Plaintiff alleges:

> I have been forced to take medications when I did not need them.  I'm being warehoused in the special management unit in supermax conditions.  I'm denied programs and treatment.  I live in unsanitary conditions.  My mail is tampered with.  I don't receive proper medical care.  Keeping me warehoused in a cell without proper mental health care lack of basic human needs.

(Complaint at 3, ¶ 21.)  Plaintiff asserts that as the result of Defendants' actions, he has experienced certain mental health issues.  (*Id.* ¶ 22.)

In an October 12, 2016, letter filed with the Court, Plaintiff asserts that Defendants have failed "to take responsibility of their unhuman like unprofessional judgment," "think they could violate whoever they feel like," "do not follow their sanitation policies," "got everybody on the lower [level] in the IMHU [Intensive Mental Health Unit] with ants and maggots," "barely let us shower when we're supposed to," "are not helping to get us where we need to be," and "are disrupting our minds and stressing us out." (ECF No. 12.)  Plaintiff maintains that he is "all behavioral" and, therefore, he does not belong in the IMHU. (*Id.*)

In addition to monetary damages, Plaintiff requests proper medical/mental health care, clean living conditions, and improved treatment.  (Complaint at 3, ¶ 22.)

### III.  DISCUSSION

The Court's jurisdiction over Plaintiff's claim is based on 42 U.S.C. § 1983, which provides a civil action to any person deprived a federal right by a state actor.[1]  In order to maintain a § 1983 action against those who exercise state authority, Plaintiff must assert a claim that describes a deprivation of a federal right.  *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979) (explaining that section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

Plaintiff's § 1983 claim includes a claim of deliberate indifference to serious medical needs, which claim is governed by an Eighth Amendment standard, made applicable to state actor defendants through the Fourteenth Amendment Due Process Clause.  *Estelle v. Gamble,* 429 U.S. 97, 101 (1976).  Plaintiff also in part asserts a conditions of confinement claim, which is typically assessed under an Eighth Amendment standard.  *Wilson v. Seiter*, 501 U.S. 294, 296 (1991).  Plaintiff's mail-related claim is assessed under a due process, "reasonable relationship" standard.  *Turner v. Safley*, 482 U.S. 78, 91 (1987).

To the extent Plaintiff asserts a § 1983 claim against an individual defendant, Plaintiff's allegations must support a finding that the individual, through his or her individual actions, violated Plaintiff's constitutional rights.  *Ashcroft v. Iqbal,* 556 U.S. 662, 676 – 77 (2009).  In other

---

[1] Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

42 U.S.C. § 1983.

words, each individual defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant.

A.  **Deliberate Indifference to Serious Medical Need**

On an Eighth Amendment claim based on inadequate medical care, an inmate must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, *Inc.*, 645 F.3d 484, 497 (1st Cir. 2011). To satisfy the objective prong, the inmate must show that the medical need was "serious." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). A medical need is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Leavitt*, 645 F.3d at 497 (quoting *Gaudreault v. Mun. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990)).

To satisfy the subjective standard, the inmate must show that "prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety[.]" *Id.* (citing *Burrell v. Hampshire County*, 307 F.3d 1, 8 (1st Cir. 2002)). "Deliberate indifference" requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This standard encompasses a "narrow band of conduct." *Id.* (quoting *Feeney* 464 F.3d at 162). Mere subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim. *Id.* (citing *Feeney*, 464 F.3d at 162). Rather, the treatment must have been so inadequate as to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. at 105–106). For example, deliberate indifference occurs when an official "culpably ignores or turns away from what is otherwise apparent," *id.* (citing *Alsina–Ortiz v. Laboy*, 400 F.3d 77, 82 (1st Cir. 2005)), or when an official makes medical decisions recklessly

5

with "actual knowledge of impending harm, easily preventable." *Id.* (quoting *Ruiz–Rosa*, 485 F.3d at 156).

Plaintiff alleges that he is assigned to the IMHU and has been forced to take medication. Based on Plaintiff's location and his medication, one can reasonably infer that Plaintiff suffers from objectively serious mental health issues, even though Plaintiff also alleges that he does not need the medication, is "all behavioral" and does not belong in the IMHU. Plaintiff's allegations thus support an inference that he has an objectively serious medical condition.

The issue is whether Plaintiff has alleged facts that would support a finding that one or more of the Defendants acted with deliberate indifference toward Plaintiff's medical needs. Plaintiff has joined as Defendants, Eric Bueno (Unit Manager of the IMHU), Samantha K. Brooke Sheehan, Adrianne Dill, Matayo Mendoza, Clayton Knight, Harry Pierce, James Fine, Debra Joyce Hall, and Dr. Daniel Banish. Plaintiff has not alleged any facts that would support a finding that any Defendant was deliberately indifferent to Plaintiff's medical needs. In fact, Plaintiff has alleged a general denial of "proper medical care," which suggests negligent conduct rather than deliberate indifference. Plaintiff, therefore, has not asserted an actionable claim based on his medical care.

**B.     Prison Conditions**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Kosilek v. Spencer,* 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Under the Eighth Amendment, prison conditions cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Cruel and unusual punishment

consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. A prison official may be deliberately indifferent if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. The official must (1) be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and (2) actually draw the inference. *Id.*

Plaintiff's allegations raise two potential conditions of confinement claims. Plaintiff asserts unsanitary conditions in the IMHU. He also alleges he has been "warehoused" in the IMHU and does not have a serious mental health issue or that the assignment is unnecessary because an alternative treatment is available.

### 1. *Unsanitary conditions*

Plaintiff's assertion that Defendants "got everybody with … ants and maggots" is too vague to support a finding that he was subjected to cruel and unusual punishment. In particular, Plaintiff has not alleged any facts to suggest the existence of an inhumane condition that exposes him to an excessive risk to his health or safety. *See*, *e.g.*, *Islam v. Jackson,* 782 F. Supp. 1111, 1114 – 15 (E.D. Va.1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion); *Bennett v. Misner*, No. 3:02-cv-1662, 2004 WL 2091473, at *20, 2004 U.S. Dist. Lexis 19568, at *63 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment

7

violation."); *Speech v. Ward*, No. 2:05-cv-1403, 2006 WL 2849822, at *3, 2006 U.S. Dist. Lexis 72440, at *8 (E.D. Cal. Oct. 4, 2006), *report and recommendation adopted,* 2006 WL 3361210 (E.D. Cal. Nov. 20, 2006) (dismissing claim where the plaintiff "alleged a single incident of being served a meal contaminated with maggots").

### 2. *IMHU placement*

Plaintiff asserts that he is being warehoused in the IMHU unnecessarily, is subjected to forced medication that he does need, and is denied the care he does need. If one accepts as true Plaintiff's allegation that he does not belong in the IMHU, Plaintiff has described a condition that could plausibly impose undue suffering, unrelated to any legitimate penological purpose, which is a recognized form of punishment proscribed by the Eighth Amendment. *Kosilek,* 774 F.3d at 82. Plaintiff's allegations, however, are insufficient to state the claim against the individual defendants because he has not alleged any facts that would support a finding that a particular individual defendant knew of and disregarded an excessive risk to Plaintiff's health or safety.

While Plaintiff has not alleged sufficient facts to support a finding that any defendant can be individually liable, and while "§ 1983 liability cannot rest solely on a defendant's position of authority," *Ramirez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 19 (1st Cir. 2014), Plaintiff can assert an official capacity claim for injunctive relief against a state official who has the ability to provide such relief. *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014);[2] *Howery v.*

---

[2] In *Colwell*, the Ninth Circuit wrote:

> We have held that a corrections department secretary and prison warden were proper defendants in a § 1983 case because "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief."

763 F.3d at 1070 (quoting *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013)).

*Harrington*, No. 14-CV-1134-NJR, 2015 WL 4399480, at *3, 2015 U.S. Dist. Lexis 93205, at *8 (S.D. Ill. July 17, 2015).[3] Construed liberally, Plaintiff has asserted a plausible entitlement to removal from the IMHU against Defendant Bueno in his official capacity as the Unit Manager of the IMHU.

**C. Mail**

"[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Id.* Outside the context of legal mail from an attorney, however, federal courts have not found that prisoners have a constitutional right to receive mail unopened or uninspected. Indeed, even legal mail from a prisoner's attorney can be opened and inspected for contraband, though this is customarily performed in the prisoner's presence, without reading the attorney-client communication contained therein. *Wolff v. McDonnell*, 418 U.S. 539, 575 (1974). Ultimately, the issue is whether the particular regulation or practice regarding the handling of mail is "reasonably related to legitimate security interests." *Turner*, 482 U.S. at 91.

Plaintiff's allegation that his mail has been "tampered with" lacks sufficient facts to support a finding of the violation of a federal right. Furthermore, he has not alleged that any particular defendant has engaged in any mail-related conduct.

---

[3] In *Howery*, the court observed that, "because Plaintiff is seeking injunctive relief, it is appropriate for the Warden of Menard to remain as a Defendant in the action, in his/her official capacity only." 2015 WL 4399480, at *3, 2015 U.S. Dist. Lexis 93205, at *8 (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out)).

## IV. CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss all claims against all Defendants except Plaintiff's official capacity claim for injunctive relief against Defendant Bueno based on Plaintiff's assertion that he has been unlawfully assigned to the IMHU.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of November, 2016.