UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMIE BROWN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:16-cv-440-GZS |
| | ) |
| DEPARTMENT OF CORRECTIONS | ) |
| EMPLOYEES/STAFF, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

In this action, Plaintiff Jamie Brown, an inmate in the custody of the Department of Corrections at the Maine State Prison, alleges he was placed in the Maine State Prison's Intensive Mental Health Unit (IMHU) without cause. (Complaint, ECF No. 1.)

The matter is before the Court on Defendant Eric Bueno's Motion for Summary Judgment. Through his motion, Defendant Bueno argues the case is moot because Plaintiff was removed from the IMHU in October 2016, and transferred to the Close Unit at the prison. (Motion for Summary Judgment at 1, ECF No. 17.) Plaintiff did not file an opposition to the motion.

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court grant the motion.

**SUMMARY JUDGMENT FACTS**

In his complaint against all the named defendants, Plaintiff alleged:

I have been forced to take medications when I did not need them. I'm being warehoused in the special management unit in supermax conditions. I'm

1

> denied programs and treatment. I live in unsanitary conditions. My mail is tampered with. I don't receive proper medical care. Keeping me warehoused in a cell without proper mental health care lack of basic human needs.

(Complaint at 3, ¶ 21.) Plaintiff asserted that as the result of Defendants' actions, he experienced certain mental health issues. (*Id.* ¶ 22.) After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court dismissed all claims against all the defendants except "Plaintiff's official capacity claim for injunctive relief against Defendant Bueno based on Plaintiff's assertion that he has been unlawfully assigned to the IMHU." (Recommended Decision After Screening Complaint at 1, ECF No. 13; Order Affirming the Recommended Decision, ECF No. 14.) As alleged, Defendant Bueno is the unit manager of the IMHU.

The summary judgment record establishes that Plaintiff was released from the IMHU of the Maine State Prison in October 2016. (Def.'s Statement of Material Facts ¶ 1, ECF No. 18.) At that time, he was placed in the Close Unit at the prison. (*Id.* ¶ 2.) Plaintiff remains assigned to the Close Unit. (*Id.* ¶ 3.)

## DISCUSSION

"Summary judgment is proper only if the record, read favorably to the non-moving party, reflects no genuine issues of material fact and the undisputed facts indicate that the movant is entitled to judgment as a matter of law." *Hadfield v. McDonough*, 407 F.3d 11, 15 (1st Cir. 2005) (citing Fed. R. Civ. P. 56). Here, the facts are undisputed that Plaintiff no longer is assigned to the IMHU. Defendant Bueno argues that Plaintiff's removal from IMHU moots his claim in this case.

"The Constitution 'confines the jurisdiction of the federal courts to actual cases and controversies.'" *Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014) (quoting *Barr v. Galvin,* 626 F.3d 99, 104 (1st Cir. 2010)). "A case generally becomes moot when the controversy is no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Shelby v. Superformance Int'l, Inc.,* 435 F.3d 42, 45 (1st Cir. 2006)). "A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release." *Id.*

Relevant and persuasive authority demonstrate Plaintiff no longer presents an actual case or controversy for the Court's consideration. In *Salahuddin v. Goord*, 467 F.3d 263 (2d Cir. 2006), the Second Circuit held that a prisoner's claims for declaratory and injunctive relief against officials at one facility were mooted by the prisoner's removal from the facility. *Id.* at 272;[1] *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (mooting prisoner's claims for "modification of the conditions of confinement" at a state facility he no longer resided in). Similarly, in an unpublished table opinion, the First Circuit held that a prisoner's challenge to a New Hampshire state prison policy was mooted by the prisoner's transfer to a Massachusetts prison. *Stow v. Warden, N. H. State Prison*, 21 F.3d 420 (1st Cir. 1994) (table).

Here, Plaintiff's official capacity claim against Defendant Bueno is the sole claim on which Plaintiff was authorized to proceed following the Court's review in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Indeed, when a state official is sued exclusively in

---

[1] The Court then proceeded to evaluate the prisoner's other claims, including claims for which money damages would be an appropriate remedy. *Id.* ("Of course, Salahuddin's right to seek damages is not affected.")

an official capacity, the official is not subject to a money damage award. *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003). Because the Plaintiff's only claim is one for injunctive relief, and because the uncontroverted record establishes that Plaintiff is no longer assigned to the IMHU, Plaintiff's claim is moot. Accordingly, Defendant Bueno is entitled to summary judgment.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's Motion for Summary Judgment. (ECF No. 17.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of April, 2017.